## HENRY HESSEL v. BRADSTREET CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued March 25, 1891—Decided April 13, 1891.

(a) In an action for libel against a mercantile agency, the defendant was
charged with falsely and maliciously publishing that a judgment was en-
tered against the plaintiff, when at the time there was but a verdict taken
and a motion for a new trial pending:

1. One of the plaintiff's witnesses testifying as to the extent the plaintiff's
credit had been affected by the publication, and admitting on cross-
examination that he held a judgment confessed by the plaintiff, the ob-
ject for which the judgment had been given was irrelevant.

2. Another witness testifying, also, as to the effect of the publication up-
on the plaintiff's credit, it was not error to permit him to be asked on
cross-examination whether if he had known that a verdict had been en-
tered, instead of a judgment, his conduct would not have been the same.

3. The appellant's paper-book, exceeding twenty pages, contained no in-
dex, as required by the Rules of Court: Addition to Rule XXXII.,
adopted June 7, 1889, 125 Pa. XXI.    "Had this defect been noticed
when the case was called for argument, the book would have been
suppressed."

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
WILLIAMS, JJ.

No. 182 January Term 1891, Sup. Ct. ; court below, No. 64
September Term 1889, C. P. No. 4.

Statement of Facts.

On November 2, 1889, Henry Hessel brought trespass against the Bradstreet Company, filing a statement of claim to recover damages for a libel, in falsely and maliciously publishing on October 16, 1889, in the defendant's "The Bradstreet Mercantile Agency Sheet of Corrections and Changes," that a judgment for $360 had been entered against the defendant, a grocer at Philadelphia. Issue.

At the trial, on October 10, 1890, the plaintiff introduced testimony tending to show, as was claimed, that there was malice in fact in the publication; that although a verdict for $360 had been entered against the plaintiff on October 9, 1889, on October 13th a motion for a new trial was made, argued the following December Term, and that subsequently a judgment entered on the verdict was set aside by the Supreme Court: See Johnson v. Hessel, 134 Pa. 315; and that the plaintiff's credit was injured by said publication.

Charles E. Rogan, called for the plaintiff, testified that he was in the fish and provision business, and had been visited by one of the members of Rauch, Hawlk & Co.; that a conversation was had in relation to the publication complained of by the defendant, and that the witness held a judgment confessed by the plaintiff. On cross-examination the witness was shown a judgment note dated July 1, 1889, for $315, at one day after date, signed by Henry Hessel:

"Q. Is that the judgment note? A. Yes, sir; I think it is. That is a judgment note for that amount, but—Q. That is all I want to know about it."

By Mr. Mayne: "Q. Just state what were the circumstances connected with the receiving of that judgment note from Mr. Hessel?" Objected to, on the ground that it was not pertinent to the case."

By the court: Objection sustained; exception.[1]

Gilbert W. Hawlk, called for the plaintiff, testified that he was one of the firm of Rauch, Hawlk & Co., and that his firm had refused to sell the plaintiff goods, "on account of a judgment being entered in the Bradstreet sheet." On cross-examination, the witness was asked:

"Q. Do you know the difference between a judgment and a verdict, its legal effect? A. I do not know that I can explain it satisfactorily. Q. You know that a verdict is the ver-

Charge of Court below.

dict of a jury?   A. Yes, sir; certainly.   Q. I ask you, if you
had known that, on October 9, 1889, there had been a verdict
for $360 against Mr. Hessel, would not your conduct have been
exactly as it was?"   Objected to.

By the court: Objection overruled; exception.[2]

" A. I certainly would not have sent goods to any one, as I
told you before, if there was a judgment, or anything, in con-
sideration.   I always try to use all care possible."

At the close of the testimony, the court, THAYER, P. J.,
charged the jury, in part, as follows:

Technically and in point of fact, the publication was of course
erroneous, inasmuch as it was not a judgment, but a verdict
which had been rendered against him for $360, on which it ap-
pears, by the evidence which is before the jury, that a judgment
was subsequently entered, and that ultimately the judgment
was reversed in the Supreme Court.

If you are of opinion that the defendant did this maliciously,
with intention to injure the plaintiff in his business,—what he
published not being precisely true,—he is liable for having done
so ; but if the defendant was not actuated by malice, but sup-
posing, whether erroneously or not, that a verdict was equiva-
lent to a judgment, made the publication in pursuance of what
he considered to be his duty only,—to keep his subscribers ad-
vised of the commercial standing of the plaintiff and the facts
affecting his credit,—and did not make the publication wan-
tonly or maliciously, for the purpose of injuring the plaintiff,
then your verdict should be for the defendant.   Plaintiff's al-
legation is that the defendant did it maliciously.   If you find
that it was not done maliciously, of course you ought to find a
verdict for the defendant.

—The jury returned a verdict for the defendant.   A rule for
a new trial having been discharged and judgment entered, the
plaintiff took this appeal, specifying that the court erred:

1. In refusing the plaintiff's offer.[1]

2. " In overruling the objection of counsel of plaintiff to the
following question propounded by counsel of defendant to Gil-
bert W. Howell, a witness called on the part of plaintiff, and
directing the witness to make answer thereto, which said ques-
tion and answer is as follows :" [Here followed the offer, ob-
jection, ruling and answer, as in exception.[2]]

*Mr. Wm. C. Mayne* (with him *Mr. Thomas H. Neilson*), for the appellant.

Counsel cited: Barr v. Moore, 87 Pa. 385; Neeb v. Hope, 111 Pa. 145; Hayes v. Press Co., 127 Pa. 642.

*Mr. E. Cooper Shapley*, for the appellee, was not heard.

PER CURIAM:

We are unable to see the relevancy of the question asked the witness Rogan. See first assignment. The object for which the judgment was given was immaterial. The learned judge committed no error in excluding it.

Nor do we perceive error in permitting the witness Hawlk,[*] to answer the question referred to in the second assignment. The plaintiff's complaint was that the defendant company had reported that a judgment of $360 had been entered against him, whereas it was only a verdict for that amount, and that by means thereof his credit had been injured. The answer of the witness was given upon cross-examination, and plainly shows that he regarded a verdict as the equivalent of a judgment, so far as it affected the plaintiff's credit. This was a good reason why the plaintiff should object to the question, but it would not have justified the court in excluding the answer.

We notice that the plaintiff's paper-book contains no index as required by the Rules of Court. Had this defect been noticed when the case was called for argument, the book would have been suppressed. It has compelled the writer to waste valuable time in finding the testimony referred to, particularly as the name of the witness mentioned in the second assignment is printed differently in the appendix.

                                Judgment affirmed.

---

[*] In the assignment of error No. 2, the witness's name was spelled " Howell." It should have been " Hawlk."